JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA TO NON-PARTY OPI PRODUCTS, INC. | CASE NO.  CV 13-8534-R |
| | (CASE NO. 3:12-CV-747-RS PENDING IN N.D. CAL.) |
| MYCONE DENTAL SUPPLY CO., INC., d/b/a KEYSTONE RESEARCH PHARMACEUTICAL, | ORDER GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM OPI PRODUCTS, INC. |
| Plaintiff, | |
| v. | |
| CREATIVE NAIL DESIGN, INC., | |
| Defendant. | |

Before the Court is a "Motion to Compel Production of Documents from OPI Products, Inc." ("Motion") filed by Creative Nail Design, Inc. ("CND").

The subpoena that gave rise to the Motion is related to patent litigation currently pending in the Northern District of California ("Main Action"). The Main Action was initiated on February 15, 2012 when Mycone Dental Supply Co., Inc. d/b/a Keystone Research and Pharmaceutical ("Keystone") filed a complaint against CND seeking a "declaratory judgment of non-infringement and invalidity of claims 13, 14, and 29–32 of United States Patent No. 6,803,394 . . . ." Compl. ¶ 1.

On March 13, 2013 CND filed counterclaims against Keystone, as well as claims against Cacee, Inc. ("Cacee"), Young Nails, Inc. ("Young Nails"), and Nail Systems International, Inc. ("NSI Nails"). Cacee, Young Nails, and NSI Nails are customers of Keystone. Compl. ¶¶ 19–21. In the counter-complaint, CND seeks, among other things, a declaratory judgment that the counter-defendants have infringed CND's patent no. 6,803,394 ("394 patent"), and an award of damages. The 394 patent is entitled "Radiation Curable Nail Coatings and Artificial Nail Tips and Methods of Using Same." Counter-complaint ¶ 2.

The subpoena at issue here was issued by CND on another of Keystone's customers, OPI Products, Inc. ("OPI").

The subject of this Motion is document request number 11 ("Request No. 11") of that subpoena, which reads as follows: "Documents sufficient to show OPI's U.S. Sales to each of its U.S. customers (including distributors, wholesalers and retailers) of any OPI products that incorporate or contain the Keystone Products purchased by OPI, specifically identified by name and item number in the definition of 'Keystone Products' from 2010 to present, including unit and dollar sales and cost of goods sold."

OPI objects to Request No. 11, stating that

> [w]hile CND has repeatedly broadly asserted, and we have disagreed, that this highly confidential information is relevant to both lost profits and reasonable royalty analyses, we have not received sufficient explanation as to why or how the requested information is relevant to or necessary for the underlying litigation and continue to maintain all of our objections to this request.

Rule 45 of the Federal Rules of Civil Procedure governs discovery from nonparties by subpoena. Fed. R. Civ. P. 45. "The Advisory Committee Notes to the 1970 Amendment to Rule 45 state that the 'scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006) (quoting Rule 45 advisory committee's note (1970)). The proper scope of discovery under Rule 34 is specified by Rule 26(b). *Gonzales*, 234 F.R.D. at 679.

The general policy embodied in Rule 26(b)(1) is that "discovery it to be sufficiently broad to reach any matter, not privileged." *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d

2

1017, 1023 (Fed. Cir. 1986). However, Rule 26(b)(1) is also meant to "minimize redundancy in discovery and encourage attorneys to be sensitive to the comparative costs of different methods of securing information." *Id.* at 1024. Pursuant to these standards, when determining the propriety of a subpoena, a court should consider the "relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.*

The evidence requested by CND is relevant to damages. Title 35 U.S.C. § 284, the statute governing damages in patent infringement cases, provides that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer . . . ." The damages inquiry has been articulated as "had the Infringer not infringed, what would Patent Holder-Licensee have made?" *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

The parties agree that CND and OPI are competitors and that they sell nail coating products to many of the same customers. The discovery sought by CND is relevant to a claim of damages because it will help CND determine the extent to which the alleged infringement detracted from its own sales. For example, the discovery may reveal that customer A bought X dollars of infringing product from OPI and that customer A is also a customer of CND. CND's expert states that this information is relevant to damages because it will be used by CND to estimate the amount of sales it lost due to the infringement. Strickland Report, ¶ 190.

This expert conclusion is supported by the applicable case law. For example, in *Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), the court identified several factors that may be used in determining patent damages based on a reasonable royalty analysis. The court in *Georgia Pacific* identified one of those sets of factors as "[t]he established profitability of the product made under the patent; its commercial success; and its current popularity." *Id.* Quantity and price information from OPI relating to the product are relevant to profitability, commercial success, and popularity. The identity of the specific customers OPI is selling the product to is relevant to a determination of damages because this information will show the extent to which OPI and CND are competing for the same customers.

*Panduit*, 575 F.2d at 1158 ("Panduit was clearly damaged by having been forced, against his will, to share sales of the patented product with Stahlin."); *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1541 (Rader, J., concurring) (stating that an inquiry into whether two firms' products competed for the same customers was required under *Panduit*).

The discovery sought here is relevant to a determination of the amount of damages CND sustained as a result of the alleged infringement.

CND has also established that it needs this discovery from OPI. It needs the information to support its damages claim and it needs to get the information from OPI because OPI is the only entity that has access to it.

Finally, any hardship to OPI does not outweigh the need for the discovery. The material requested is such that OPI would likely keep it in the ordinary course of business. Therefore it would not be overly burdensome for OPI to compile and produce this information. The scope of the information sought is also appropriately narrow as OPI is only being compelled to produce sales information relating to allegedly infringing items. Also, OPI will be able to avail itself of the protective order that is in effect in the Main Action to help assuage its concerns over the sensitive nature of the information being produced.

**IT IS HEREBY ORDERED** that the Motion is granted.

Dated: January 2, 2014.

                                                     MANUEL L. REAL
                                                     UNITED STATES DISTRICT JUDGE